## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**Case No.:**

**TRISHA REED,**

    **Plaintiff,**

                                                  **COMPLAINT**

**v.**

**EXPERIAN INFORMATION SOLUTIONS, INC., BANK OF AMERICA CORPORATION, AND TD BANK, NATIONAL ASSOCIATION,**

                                            **DEMAND FOR JURY TRIAL**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, Trisha Reed ("Plaintiff"), by and through counsel, files this Complaint against Defendant Experian Information Solutions Inc., ("Defendant Experian" or "Experian"), Defendant Bank of America Corporation, ("Defendant BOA" or "BOA"), and Defendant TD Bank, National Association ("Defendant TD Bank" or "TD Bank"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### DEMAND FOR JURY TRIAL

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### PARTIES

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Bank of America Corporation is Delaware corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

7.      Defendant TD Bank, N.A. is a financial institution whose headquarters are located in Maine and whose registered agent in Florida is United States Corporation Company, 1201 Hays Street, Tallahassee, Florida 32301.

## GENERAL ALLEGATIONS

8.      This action involves derogatory and inaccurate reporting of alleged Consumer Debts (the "Consumer Debts") by BOA and TD Bank to the Credit Reporting Agency, Experian Information Solutions Inc.

9.      In or around October 2022, Plaintiff requested a copy of her credit report from Defendant Experian. The report listed two accounts (the "Accounts") that were fraudulently opened in her name.

10.      The Accounts are BOA Account # 552433XXXXXXXXXX and Target Credit Card Account #585975XXXXXXXXXX, issued by TD Bank.

11.      In or around October 2022, Plaintiff submitted a dispute to Defendant Experian requesting that Experian remove the Accounts because they were fraudulently opened in her name

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

and did not belong to her along with the request to remove other fraudulent and inaccurate information from her report.

12.     In or around October 2022, Experian removed the Accounts and other fraudulent information from her Experian credit report.

13.     In early January 2024, Plaintiff requested a copy of her credit report from Defendant Experian.

14.     The Accounts were once again on her Experian credit report.

15.     In January 2024, Plaintiff submitted a dispute to Experian remove the Accounts because they were fraudulently opened in her name and did not belong to her.

16.     In or around January 2024, Defendant Experian verified the Accounts as accurate despite receiving evidence from Plaintiff that the accounts were fraudulent.

17.     Plaintiff was denied lines of credit and loans due to the fraudulent and delinquent Accounts being reported by Defendant Experian and furnished by Defendant BOA and Defendant TD Bank.

18.     As of the filing of this complaint, Defendant Experian is still reporting the Accounts on Plaintiff's credit report.

**COUNT 1**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

19.     Plaintiff incorporates by reference paragraphs ¶¶ 1-18 of this Complaint.

20.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Experian and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Experian, a consumer reporting agency.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

21.     In or around January 2024, Plaintiff checked her credit report and noticed that there were inaccurate reports from Defendant Experian. Therefore, in or around January 2024, Plaintiff disputed this inaccurate and derogatory information to Experian.

22.     In or around January 2024, Plaintiff disputed this inaccurate and derogatory information to Experian for a second time.

23.     Defendant BOA and Defendant TD Bank verified the alleged Accounts. Despite Experian having been put on notice of the fraudulent and inaccurate reporting, Experian did not remove the Accounts from Plaintiff's Experian credit report.

24.     As of the filing of this complaint, Defendant BOA and Defendant TD Bank's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

25.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

26.     Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

27.     Despite Defendant Experian having received Plaintiff's disputes of the Accounts, Experian continues to report the Accounts as in collections for an unpaid balance from Defendant BOA and Defendant TD Bank.

28.     Continuing to report the status of the Accounts in this fashion is significant.

29.     By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

30.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

score to be generated.

31.     Experian failed to conduct a reasonable investigation and reinvestigation.

32.     Experian failed to review and consider all relevant information submitted by Plaintiff.

33.     Experian failed to conduct an independent investigation and, instead, deferred to BOA and TD Bank, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

34.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Experian failed to correct the information.

35.     Experian's reporting of inaccurate information about the Accounts, which is the subject of the Disputes, despite evidence that said information is inaccurate demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

36.     Experian did not conduct any independent investigation after it received Plaintiff's disputes and, instead, chose to parrot the information it received from Defendant BOA and Defendant TD Bank despite being in possession of evidence that the information was inaccurate.

37.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

38.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

39.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

40.     Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

41.     Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

42.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

43.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

44.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

45.     The appearance of the Accounts on Plaintiff's credit report, namely, the Accounts

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

identified by Plaintiff in Plaintiff's disputes to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

46.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

47.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

48.     Plaintiff incorporates by reference paragraphs ¶¶ 1-18 above of this Complaint.

49.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

50.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

51.     On at least one occasion within the past year, by example only and without

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

52.     Additionally, Experian negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

53.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

54.     The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

55.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

56.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress,

mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

57.      WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant BOA)

58.      Plaintiff incorporates the allegations regarding the Account and Defendant BOA in paragraphs ¶¶ 1-18 and by reference of this Complaint.

59.      Defendant BOA is a financial institution that provides consumers and business with lines of credit and other financial services.

60.      In or about January 2024, Plaintiff checked her credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant BOA.

61.      In or about late January 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Experian by Defendant BOA.

62.      In response to the Dispute, Defendant Experian promptly and properly gave notice to Defendant BOA of the Dispute in accordance with the FCRA.

63.      As of the filing of this complaint, the debt has continued to be verified by Defendant BOA.

64.      Defendant BOA is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

65.      On a date better known by Defendant BOA, Defendant Experian promptly and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

properly gave notice to Defendant BOA of Plaintiff's Disputes in accordance with the FCRA.

66.     In response to the notices received from Defendant Experian regarding Plaintiff's Disputes, Defendant BOA did not and otherwise failed to conduct a reasonable investigation into the BOA Accounts which are the subject of the Disputes.

67.     In response to receiving notice from Defendant Experian regarding Plaintiff's Disputes, Defendant BOA failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Experian could not otherwise verify.

68.     Instead of conducting a reasonable investigation, Defendant BOA erroneously validated the Accounts and continued to report inaccurate and fraudulent information to Defendant Experian.

69.     On at least one occasion within the past year, by example only and without limitation, Defendant BOA violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

70.     On at least one occasion within the past year, by example only and without limitation, Defendant BOA violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian.

71.     On at least one occasion within the past year, by example only and without limitation, Defendant BOA violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Experian about the inaccurate information.

72.     Upon information and belief, Defendant BOA was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

73.     Defendant BOA's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

74.     As a direct and proximate result of Defendant BOA's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

75.     Defendant BOA's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant BOA, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant BOA)

77.     Plaintiff incorporates the allegations regarding the Account and Defendant BOA in paragraphs ¶¶ 1-18 by reference of this Complaint.

78.     On at least one occasion within the past year, by example only and without limitation, Defendant BOA violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

79.     On one or more occasions within the past year, by example only and without

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Defendant BOA violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

80.     On one or more occasions within the past year, by example only and without limitation, Defendant BOA violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

81.     When Defendant BOA received notice of Plaintiff's disputes from Defendant Experian, Defendant BOA could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

82.     Defendant BOA would have discovered that the information it was reporting about Plaintiff was inaccurate and the Accounts were fraudulent if Defendant BOA had reviewed its own systems and previous communications with the Plaintiff.

83.     Defendant BOA's investigation was per se deficient by reason of these failures in Defendant BOA's investigation of Plaintiff's Disputes.

84.     As a direct and proximate result of Defendant BOA's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

85.     Defendant BOA's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

86.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant BOA awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant TD Bank)

87.     Plaintiff incorporates the allegations regarding the Account and Defendant TD Bank in paragraphs ¶¶ 1-18 and by reference of this Complaint.

88.     Defendant TD Bank is a company specializing in debt collection.

89.     In or about January 2024, Plaintiff checked her credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant TD Bank.

90.     In or about late January 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Experian by Defendant TD Bank.

91.     In response to the Dispute, Defendant Experian promptly and properly gave notice to Defendant TD Bank of the Dispute in accordance with the FCRA.

92.     As of the filing of this complaint, the debt has continued to be verified by Defendant TD Bank.

93.     Defendant TD Bank is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

94.     On a date better known by Defendant TD Bank, Defendant Experian promptly and properly gave notice to Defendant TD Bank of Plaintiff's Disputes in accordance with the FCRA.

95.     In response to the notices received from Defendant Experian regarding Plaintiff's

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Disputes, Defendant TD Bank did not and otherwise failed to conduct a reasonable investigation into the TD Bank Accounts which are the subject of the Disputes.

96.     In response to receiving notice from Defendant Experian regarding Plaintiff's Disputes, Defendant TD Bank failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Experian could not otherwise verify.

97.     Instead of conducting a reasonable investigation, Defendant TD Bank erroneously validated the Accounts and continued to report inaccurate and fraudulent information to Defendant Experian.

98.     On at least one occasion within the past year, by example only and without limitation, Defendant TD Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

99.     On at least one occasion within the past year, by example only and without limitation, Defendant TD Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian.

100.    On at least one occasion within the past year, by example only and without limitation, Defendant TD Bank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Experian about the inaccurate information.

101.    Upon information and belief, Defendant TD Bank was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

102.    Defendant TD Bank's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

103.    As a direct and proximate result of Defendant TD Bank's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

104.    Defendant TD Bank's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

105.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TD Bank, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 6**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant TD Bank)

106.    Plaintiff incorporates the allegations regarding the Accounts and Defendant TD Bank in paragraphs ¶¶ 1-18 by reference of this Complaint.

107.    On at least one occasion within the past year, by example only and without limitation, Defendant TD Bank violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

108.    On one or more occasions within the past year, by example only and without limitation, Defendant TD Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

109.     On one or more occasions within the past year, by example only and without limitation, Defendant TD Bank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

110.     When Defendant TD Bank received notice of Plaintiff's disputes from Defendant Experian, Defendant TD Bank could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

111.     Defendant TD Bank would have discovered that the information it was reporting about Plaintiff was inaccurate and the Accounts were fraudulent if Defendant TD Bank had reviewed its own systems and previous communications with the Plaintiff.

112.     Defendant TD Bank's investigation was per se deficient by reason of these failures in Defendant TD Bank's investigation of Plaintiff's Disputes.

113.     As a direct and proximate result of Defendant TD Bank's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

114.     Defendant TD Bank's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

115.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TD Bank awarding Plaintiff the following relief: [1] actual damages pursuant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: February 9, 2024

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:    jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com